

CLERK'S OFFICE
A TRUE COPY
Jun 24, 2025
s/ MMK
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No.  25  MJ  120 |
| One Cell Phone More Fully Described in Attachment A. | ) ) ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____ District of _____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☐ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. §§ 371, 514(a)(2), 1001, 1028A(a)(1), 1956(h), 2312, and 2313 | conspiracy to violate the laws of the United States, pass, present, offer, and broker fictitious obligations, false statement, aggravated identity theft, transport of stolen vehicle, sale, receipt, possession, or concealment of stolen vehicles, etc. |

The application is based on these facts:

See the attached affidavit.

☐ Continued on the attached sheet.

☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Shane Hoffmann, Special Agent (FBI)
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by

_____telephone_____ *(specify reliable electronic means).*

Date: ___06/24/2025___

_____
*Judge's signature*

City and state: __Milwaukee, Wisconsin__

William E. Duffin, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
## AN APPLICATION FOR A SEARCH WARRANT

I, Shane Hoffmann, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.     I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the following cellular telephone ("Target Cell Phone"), whose service provider is AT&T ("Service Provider"), a wireless telephone service provider headquartered at 11760 U.S. Highway 1, Suite 300, North Palm Beach, FL 33408. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B:

    a.   Cellular telephone assigned call number 414-828-2514 (TCP-1).

2.     Because this warrant application seeks the prospective collection of information, including cell-site location information, that may fall within the statutory definitions of information collected by a "pen register" and/or "trap and trace device," *see* 18 U.S.C. § 3127(3) & (4), I also make this affidavit in support of an application by the United States of America for an order pursuant to 18 U.S.C §§ 3122 and 3123, authorizing the installation and use of pen registers and trap and trace devices ("pen-trap devices") to record, decode, and/or capture dialing, routing, addressing, and signaling information associated with each communication to or from the Target Cell Phone.

3.     I am a Special Agent with the Federal Bureau of Investigation ("FBI") and have been since September 2015. I am currently assigned to the Milwaukee Division – Madison Resident Agency. Since becoming a Special Agent, I have received specialized training in conducting criminal investigations, and my responsibilities include conducting investigations of alleged criminal violations of federal statutes and laws and apprehending fugitives. I have

experience and have been trained in the investigation of an array of federal criminal violations. Through investigations and training I am familiar with how cell phones and other technical data can be used to commit federal offenses, and I have authored numerous affidavits relating to cellular devices, cell site location information, and other technical data.

4.     The facts in this affidavit come from my personal observations, my training and experience, my review of documents, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

5.     Based on the facts set forth in this affidavit, there is probable cause to believe that NAKIYA WRIGHT is the user of TCP-1, and has violated 18 U.S.C. § 371 (conspiracy to violate the laws of the United States), 18 U.S.C. § 2312 (transportation of stolen vehicle), 18 U.S.C. § 514(a)(2) (pass, present, offer, and broker fictitious obligations), 18 U.S.C. § 1001 (false statement), 18 U.S.C. § 1028A(a)(1) (aggravated identity theft), 18 U.S.C. § 1956(h) (money laundering conspiracy),  and 18 U.S.C. § 2313 (sale, receipt, possession, or concealment of stolen vehicles). NAKIYA WRIGHT was charged with these crimes on June 24, 2025 and is the subject of an arrest warrant issued on that date. There is also probable cause to believe that the location information described in Attachment B will assist law enforcement in arresting NAKIYA WRIGHT, who is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

6.     The court has jurisdiction to issue the proposed warrant because it is a "court of competent jurisdiction" as defined in 18 U.S.C. § 2711. Specifically, the Court is a district court of the United States that has jurisdiction over the offense being investigated, *see* 18 U.S.C. § 2711(3)(A)(i).

7.     The United States, including Federal Bureau of Investigation, is conducting a criminal investigation of DIAUNTE D. SHIELDS, GEOFFREY HARVEY, WILLIE BULLARD, LASHAWN DAVIS, JR., BRANDON MULLINS, NAKIYA WRIGHT, CASHA GRIFFIN, BRIANNA SHIELDS, GERRICA BAKER, DEON BROOKS, CHANDOR SMITH, TASHAWN BROWN-SMITH, DEQUAS CRAWFORD-HIGGS, JA LEAN LITTLE, VASHAWN MILTON, DEAMONTE LEE, GLENN LARSEN, KENNETH KILSON, CHAZ HOLIFIELD, MELIEK McCLARN, TASHAY NORTHERN, ESTEBAN CARDENAS, ENRICO WILLIAMS, and unidentified subjects regarding possible violations of 18 U.S.C. §§ 371, 511, 514, 1001, 1028A, 1956, 2312, 2313, 2321, and 2(a); 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), 841(b)(1)(B), and 846.

8.     In this warrant, I seek subscriber information, along with historical location information dating back to June 1, 2025 to determine NAKIYA WRIGHT's historical patterns of life and movement and prospective location information to identify her location at given times in order to execute the pending arrest warrant. Law enforcement will use this information to locate NAKIYA WRIGHT with more precision and arrest her pursuant to the federal arrest warrant referenced above.

## TCP 1

9.     NAKIYA WRIGHT, a girlfriend and accomplice of lead defendant DIAUNTE D. SHIELDS, is the user of TCP-1. DIAUNTE SHIELDS is currently in custody at the Kenosha County Jail.  Jail call records for SHIELDS from June 3, 2025 showed that DIAUNTE SHIELDS was in contact with TCP-1 as recently as June 2, 2025.  Detective Castillo of the Kenosha County Sheriff's Department reviewed select calls between SHIELDS and the user of TCP-1,and concluded that the user was female. Detective Castillo was able to tie the content of SHIELDS's

conversations with the woman using TCP-1 during those calls to specific jail messages between SHIELDS and WRIGHT, leading to the conclusion that WRIGHT is the user of TCP-1.

10.     On June 23, 2025, Detective Castillo provided a list of jail calls from DIAUNTE SHIELDS for the month of June.  The call log showed that DIAUNTE SHIELDS communicated with TCP 1 as recently as June 21, 2025 and June 22, 2025.  Special Agent Shane Hoffmann listened to the jail call from June 21, 2025 at 8:50 p.m.  During the conversation, the female user of TCP 1 referenced the names of two juveniles as the user was discussing taking them to the park.  Special Agent Hoffmann knows that that the names referenced are the names of two of NAKIYA WRIGHT's children. Special Agent Hoffmann also recognized the female's voice as being consistent with WRIGHT based on Special Agent Hoffmann's conversation with WRIGHT during the execution of a search warrant at her residence in December 2023.

## TECHNICAL BACKGROUND

11.     In my training and experience, I have learned that the Service Provider is a company that provides cellular communications service to the general public. I also know that providers of cellular communications service have technical capabilities that allow them to collect and generate information about the locations of the cellular devices to which they provide service, including cell-site data, also known as "tower/face information" or "cell tower/sector records." Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular device and, in some cases, the "sector" (i.e., faces of the towers) to which the device connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data provides an approximate general location of the cellular device.

## Cell-Site Data

12.      Based on my training and experience, I know that the Service Provider can collect cell-site data on a prospective basis about the Target Cell Phone. Based on my training and experience, I know that for each communication a cellular device makes, its wireless service provider can typically determine: (1) the date and time of the communication; (2) the telephone numbers involved, if any; (3) the cell tower to which the customer connected at the beginning of the communication; (4) the cell tower to which the customer was connected at the end of the communication; and (5) the duration of the communication. I also know that wireless providers such as the Service Provider typically collect and retain cell-site data pertaining to cellular devices to which they provide service in their normal course of business in order to use this information for various business-related purposes.

13.      Based on my training and experience, I know that AT&T also can collect precision location and/or GPS information associated with the account, including Timing Advance Data (TrueCall).  This information can be used to estimate an approximate location range that is more precise than typical cell-site data.

### E-911 Phase II / GPS Location Data

14.      I know that some providers of cellular telephone service have technical capabilities that allow them to collect and generate E-911 Phase II data, also known as GPS data or latitude-longitude data. E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers. As discussed above, cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected. These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas. Furthermore, the tower closest

to a wireless device does not necessarily serve every call made to or from that device. Accordingly, cell-site data is typically less precise that E-911 Phase II data. Based on my training and experience, I know that the Service Provider can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available.

## Pen-Trap Data

15.     Based on my training and experience, I know each cellular device has one or more unique identifiers embedded inside it. Depending on the cellular network and the device, the embedded unique identifiers for a cellular device could take several different forms, including an Electronic Serial Number ("ESN"), a Mobile Electronic Identity Number ("MEIN"), a Mobile Identification Number ("MIN"), a Subscriber Identity Module ("SIM"), a Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"), an International Mobile Subscriber Identifier ("IMSI"), or an International Mobile Equipment Identity ("IMEI"). The unique identifiers – as transmitted from a cellular device to a cellular antenna or tower – can be recorded by pen-trap devices and indicate the identity of the cellular device making the communication without revealing the communication's content.

## Subscriber Information

16.     Based on my training and experience, I know that wireless providers such as the Service Provider typically collect and retain information about their subscribers in their normal course of business. This information can include basic personal information about the subscriber, such as name and address, and the method(s) of payment (such as credit card account number) provided by the subscriber to pay for wireless communication service. I also know that wireless providers such as the Service Provider typically collect and retain information about their

subscribers' use of the wireless service, such as records about calls or other communications sent or received by a particular device and other transactional records, in their normal course of business. In my training and experience, this information may constitute evidence of the crimes under investigation because the information can be used to identify the Target Cell Phone's user or users and may assist in the identification of co-conspirators.

## AUTHORIZATION REQUEST

17.     Based on the foregoing, I request that the Court issue the proposed warrant, pursuant to 18 U.S.C. § 2703(c) and Federal Rule of Criminal Procedure 41.

18.     I further request that the Court direct the Service Provider to disclose to the government any information described in Section I of Attachment B that is within its possession, custody, or control.

19.     I also request that the Court direct the Service Provider to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with the Service Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Service Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate the Service Provider for reasonable expenses incurred in furnishing such facilities or assistance.

20.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed. There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705. Providing immediate notice to the subscriber or user of the Target

Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution. *See* 18 U.S.C. § 3103a(b)(1). As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property. *See* 18 U.S.C. § 3103a(b)(2). Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above. *See* 18 U.S.C. § 3103a(b)(2).

21. Because the warrant will be served on the Service Provider, who will then compile the requested records at a time convenient to it, reasonable cause exists to permit the execution of the requested warrant at any time in the day or night. I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

## ATTACHMENT A

### Property to Be Searched

1. Records and information associated with the following cellular telephone ("Target Cell Phone" or TCP-1), that is in the custody or control of AT&T (referred to herein and in Attachment B as the "Service Provider"), a wireless communications service provider that is headquartered at 11760 U.S. Highway 1, Suite 300, North Palm Beach, FL 33408:

   a. Cellular telephone assigned call number 414-828-2514 (TCP-1).

2. The Target Cell Phone.

**ATTACHMENT B**

**Particular Things to be Seized**

**I.      Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

   a. The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period from June 1, 2025 to the present:

     i. Names (including subscriber names, user names, and screen names);

     ii. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

     iii. Local and long distance telephone connection records;

     iv. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

     v. Length of service (including start date) and types of service utilized;

     vi. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

     vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

     viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

  (A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

  (B) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received); and

  (C) all historical Timing Advance Data (TrueCall).

b. Information associated with each communication to and from the Target Cell Phone for a period of 30 days from the date of this warrant, including:

  i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

  ii. Source and destination telephone numbers;

  iii. Date, time, and duration of communication;

  iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication; and

  v. All precision location and/or GPS information associated with the account, including Timing Advance Data (TrueCall).

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the Target Cell Phone.

c. Information about the location of the Target Cell Phone for a period of 30 days, during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

  i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to

accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.     Information to be Seized by the Government

All information described above in Section I that will assist in arresting NAKIYA WRIGHT, who was charged with violating 18 U.S.C. § 371 (conspiracy to violate the laws of the United States), 18 U.S.C. § 2312 (transportation of stolen vehicle), 18 U.S.C. § 514(a)(2) (pass, present, offer, and broker fictitious obligations), 18 U.S.C. § 1001 (false statement), 18 U.S.C. § 1028A(a)(1) (aggravated identity theft), 18 U.S.C. § 1956(h) (money laundering conspiracy), 18 U.S.C. § 2313 (sale, receipt, possession, or concealment of stolen vehicles), on June 24, 2025, is the subject of an arrest warrant issued on June 24, 2025, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.

CLERK'S OFFICE
A TRUE COPY
Jun 24, 2025
s/ MMK
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin



AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

❏ Original          ❏ Duplicate

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>One Cell Phone More Fully Described in<br>Attachment A. | )<br>)<br>)<br>)<br>)<br>)    Case No.   25   MJ   120 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____07/08/2025_____ *(not to exceed 14 days)*
❏ in the daytime 6:00 a.m. to 10:00 p.m.  ☑ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to ____William E. Duffin, U.S. Magistrate Judge____ .
*(United States Magistrate Judge)*

❏ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☑ for __30__ days *(not to exceed 30)*  ❏ until, the facts justifying, the later specific date of _____ .

Date and time issued: ___06/24/2025 4:00pm___          *William E. Duffin* (signature)
                                                                                                    *Judge's signature*

City and state:  ___Milwaukee, Wisconsin___          ___William E. Duffin, U.S. Magistrate Judge___
                                                                                          *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name(s) of any person(s) seized:

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1. Records and information associated with the following cellular telephone ("Target Cell Phone" or TCP-1), that is in the custody or control of AT&T (referred to herein and in Attachment B as the "Service Provider"), a wireless communications service provider that is headquartered at 11760 U.S. Highway 1, Suite 300, North Palm Beach, FL 33408:

   a. Cellular telephone assigned call number 414-828-2514 (TCP-1).

2. The Target Cell Phone.

<u>**ATTACHMENT B**</u>

**Particular Things to be Seized**

**I.    Information to be Disclosed by the Provider**

To the extent that the information described in Attachment A is within the possession, custody, or control of the Provider, including any information that has been deleted but is still available to the Provider or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the Provider is required to disclose to the government the following information pertaining to the Account listed in Attachment A:

a.  The following subscriber and historical information about the customers or subscribers associated with the Target Cell Phone for the time period from June 1, 2025 to the present:

   i.   Names (including subscriber names, user names, and screen names);

   ii.  Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

   iii. Local and long distance telephone connection records;

   iv.  Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

   v.   Length of service (including start date) and types of service utilized;

   vi.  Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

   vii. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

   viii. Means and source of payment for such service (including any credit card or bank account number) and billing records; and

2

ix. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the Target Cell Phone, including:

    (A) the date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses);

    (B) information regarding the cell tower and antenna face (also known as "sectors" through which the communications were sent and received); and

    (C) all historical Timing Advance Data (TrueCall).

b. Information associated with each communication to and from the Target Cell Phone for a period of 30 days from the date of this warrant, including:

    i. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

    ii. Source and destination telephone numbers;

    iii. Date, time, and duration of communication;

    iv. All data about the cell towers (i.e. antenna towers covering specific geographic areas) and sectors (i.e. faces of the towers) to which the Target Cell Phone will connect at the beginning and end of each communication; and

    v. All precision location and/or GPS information associated with the account, including Timing Advance Data (TrueCall).

The Court has also issued an order pursuant to 18 U.S.C. § 3123, dated today, for such information associated with the Target Cell Phone.

c. Information about the location of the Target Cell Phone for a period of 30 days, during all times of day and night. "Information about the location of the Subject Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information.

    i. To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of the Provider, the Provider is required to disclose the Location Information to the government. In addition, the Provider must furnish the government all information, facilities, and technical assistance necessary to

accomplish the collection of the Location Information unobtrusively and with a minimum of interference with the Provider's services, including by initiating a signal to determine the location of the Target Cell Phone on the Provider's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government. The government shall compensate the Provider for reasonable expenses incurred in furnishing such facilities or assistance.

ii. This warrant does not authorize the seizure of any tangible property. In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information. *See* 18 U.S.C. § 3103a(b)(2).

## II.     Information to be Seized by the Government

All information described above in Section I that will assist in arresting NAKIYA WRIGHT, who was charged with violating 18 U.S.C. § 371 (conspiracy to violate the laws of the United States), 18 U.S.C. § 2312 (transportation of stolen vehicle), 18 U.S.C. § 514(a)(2) (pass, present, offer, and broker fictitious obligations), 18 U.S.C. § 1001 (false statement), 18 U.S.C. § 1028A(a)(1) (aggravated identity theft), 18 U.S.C. § 1956(h) (money laundering conspiracy), 18 U.S.C. § 2313 (sale, receipt, possession, or concealment of stolen vehicles), on June 24, 2025, is the subject of an arrest warrant issued on June 24, 2025, and is a "person to be arrested" within the meaning of Federal Rule of Criminal Procedure 41(c)(4).

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the Provider in order to locate the things particularly described in this Warrant.

This warrant authorizes a review of electronically stored information, communications, other records and information disclosed pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant.  The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts.  Pursuant to this warrant, the FBI may deliver a complete copy of the disclosed electronic data to the custody and control of attorneys for the government and their support staff for their independent review.